**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**
**Civil Action No. 3:11-cv-00597-FDW-DCK**

| | |
|---|---|
| THE FAIRPOINT COMMUNICATIONS, INC. *ET AL.* LITIGATION TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> VERIZON COMMUNICATIONS, INC., NYNEX CORPORATION, VERIZON NEW ENGLAND, INC., CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, AND VERIZON WIRELESS OF THE EAST LP, <br> Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15, Mark Holliday, solely in his capacity as Litigation Trustee (the "Trustee") of The FairPoint Communications, Inc. *et al.* Litigation Trust (the "Trust"), and the Trust (collectively "Plaintiff") file this Memorandum of Law In Support of Plaintiff's Motion for Leave to File a Second Amended Complaint.

**ARGUMENT**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The United States Supreme Court has held that leave to amend a complaint should not be denied absent a

substantial reason. *See Foman v. Davis*, 371 U.S. 178, 181-182 (1962). Substantial reasons to deny leave to amend include undue delay, prejudice to the nonmovant, bad faith and futility. *Id*.

"It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). The standard for granting leave to amend is exceedingly liberal:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies By amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Pittson Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999) (citing *Foman*, 371 U.S. at 182). None of the *Foman* grounds for denial are implicated here.

As stated in the Motion, Plaintiff desires to amend its Complaint for two primary reasons:

(1)     To withdraw the Count III claims against Cellco Partnership d/b/a Verizon Wireless and Verizon Wireless of the East LP, consistent with Plaintiff's Response to Defendants' Joint Motion to Dismiss Amended Complaint.

(2)     To add Verizon Technologies L.L.C. ("VIT") as a party against which Plaintiff seeks to avoid and recover for the alleged fraudulent transfer claims relating to the Transition Services Agreement.

Filing of the Second Amended Complaint will not cause undue delays in discovery (because discovery has just commenced), and it will not necessitate altering any scheduling order date. There is no bad faith or dilatory motive on the part of Plaintiff, and there are no repeated

- 2 -

failures to cure deficiencies by amendments previously allowed. This is Plaintiff's first request for leave to file an amended complaint, and it is within the Court's ordered deadline for filing amended pleadings. Defendants will not suffer undue prejudice by reason of this amendment. Indeed, Defendants have asserted that VIT needs to be a party for the claims seeking to avoid and recover for the transfers and/or obligations Spinco, FairPoint, and/or the Combined Entity incurred from the Transitions Services Agreements.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to File A Second Amended Complaint, and such other or additional relief as this Court deems just and proper.

Respectfully submitted, this 29th day of May, 2012.

/s/ Jonathan D. Sasser
Jonathan D. Sasser
**ELLIS & WINTERS LLP**
N.C. State Bar No. 10028
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone Number: (919) 865-7000
Facsimile Number: (919) 865-7010
jon.sasser@elliswinters.com

Robin Russell (TX Bar No. 17424001)
**ANDREWS KURTH LLP**
600 Travis, Suite 4200
Houston, Texas 77002
Telephone Number: (713) 220-4200
Facsimile Number: (713) 238-7192
rrussell@andrewskurth.com

Paul N. Silverstein (NY Bar No. PS 5098)
Jonathan I. Levine (NY Bar No. JL 9674)
Abhishek Mathur (NY Bar No. AM 1269)
**ANDREWS KURTH LLP**
450 Lexington Avenue
New York, New York 10017
Telephone Number: (212) 850-2800
Facsimile Number: (212) 850-2929
paulsilverstein@andrewskurth.com
jonathanlevine@andrewskurth.com
abhishekmathur@andrewskurth.com

***ATTORNEYS FOR PLAINTIFF***

- 4 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing were electronically filed today with the United States District Court, Western District of North Carolina using the Court's CM/ECF system which caused copies to be served upon the following counsel of record.

Robert E. Harrington
Andrew W. J. Tarr
**ROBINSON BRADSHAW & HINSON, P.A.**
101 North Tyron Street, Suite 1900
Charlotte, North Carolina 28246
rharrington@rbh.com
atarr@rbh.com

Lee Ann Stevenson
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
leeann.stevenson@kirkland.com

Philip D. Anker
**WILMER CUTLER PICKERING HALE & DORR LLP**
399 Park Avenue
New York, New York 10022
philip.anker@wilmerhale.com

This the 29th day of May, 2012.

By:   /s/ Jonathan D. Sasser
        Jonathan D. Sasser