IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:11-cv-00597-FDW-DCK

| | |
|---|---|
| THE FAIRPOINT COMMUNICATIONS, INC. *ET AL.* LITIGATION TRUST<br><br>Plaintiff,<br><br>- v. -<br><br>VERIZON COMMUNICATIONS, INC., NYNEX CORPORATION, VERIZON NEW ENGLAND, INC., CELLCO PARTNERSHIP d/b/a Verizon Wireless, AND VERIZON WIRELESS OF THE EAST, L.P.<br><br>Defendants. | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff's motion for leave to amend the Complaint for a second time while Defendants' second motion to dismiss is pending should be denied. Plaintiff's proposed amendments are needless and ultimately futile. The proposed amendment to add VIT as a party would not cure the defects in Plaintiff's claims raised by Defendants' pending Motion to Dismiss. Neither is the amendment to eliminate Claim III against the Wireless Defendants required, as the far simpler and more efficient way to accomplish a dismissal of these parties is to sign a stipulation of dismissal, as Defendants have requested. Plaintiff's request to amend the complaint yet again while Defendants' second motion to dismiss is pending would force Defendants to file a ***third*** motion to dismiss and a ***third*** answer. Plaintiff could have sought the requested amendments after reviewing Defendants' second motion to dismiss on April 13, 2012. Instead, Plaintiff

waited until the scheduling order deadline of May 28, 2012, after Defendants' second motion to dismiss was fully briefed. The additional costs and delays that would result from having to prepare a third set of responsive pleadings—particularly in light of the aggressive discovery schedule in effect in this case—would have a real prejudicial effect on Defendants. Accordingly, amendment is not appropriate and Plaintiff's motion should be denied.

I.  **Plaintiff's Proposed Amendments Are Unnecessary and Futile.**

As Plaintiff acknowledges, futility and prejudice to the nonmovant are appropriate reasons to deny a motion to amend. (Pl.'s Mot. at 1-2 (citing *Pittson Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999)).) Both are present here.

Plaintiff's amendment to add VIT as a defendant is futile because the amendment does not cure the pleading deficiencies inherent in Plaintiff's Transition Services Agreement claims. As Defendants argued in their Motion to Dismiss the Amended Complaint, Plaintiff's TSA claims fail as a matter of law because the Amended Complaint does not allege facts demonstrating "that the crucial back-office transition services FairPoint received under the TSA were worth less than the amount paid." (*See* Def.'s MTD Reply [Docket # 58] at 3.) The addition of VIT as a defendant does nothing to cure this fundamental deficiency with Plaintiff's TSA claims, and Plaintiff's proposed amendment is thus futile. *See Cominelli v. The Rector and Visitors of the Univ. of VA*, 589 F. Supp. 2d 706, 713 (W.D. Va. 2008) (denying leave to amend to change the defendant against whom a claim is asserted because claim failed as a matter of law regardless).

Plaintiff's other stated reason for seeking leave to amend—the need to dismiss its claim against the Wireless Defendants—also does not justify granting Plaintiff's motion. Plaintiff announced that it was voluntarily discontinuing Claim III—the only claim against the Wireless

Defendants—in its opposition brief to Defendants' Motion to Dismiss the Amended Complaint, filed on April 30, 2012. (*See* Pl.'s Opp. to MTD [Docket # 57] at p. 2. n. 2 and pp. 27-28 & n. 23.) But the dismissal can be quickly and easily effectuated by a stipulation of dismissal, as Defendants have proposed, or the Court could also simply enter an order dismissing the Wireless Defendants.

In short, there is no reason to force Defendants to incur substantial costs and take time out of an already-compressed discovery period to respond to a futile and unnecessary Second Amended Complaint.

## II. Allowing Plaintiff to Amend for a Second Time Will Prejudice Defendants.

Contrary to Plaintiff's assertion, allowing Plaintiff to amend for a second time will substantially prejudice the Defendants. Defendants were already required to file a second motion to dismiss and second answer in response to the Amended Complaint that Plaintiff filed on the day its opposition to Defendants' first motion to dismiss was due, March 19, 2012. Defendants' second motion to dismiss is now fully briefed and *sub judice*. Granting Plaintiff leave to amend now would moot Defendants' pending motion to dismiss and require the parties to engage in a third round of briefing. *See* 3/20/2012 Docket Order ("[A]n amended pleading supersedes the original pleading, and . . . motions directed at superseded pleadings are to be denied as moot." (*citing Young v. City of Mount Ranier*, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).)

Defendants would not only suffer at least a six-week delay in the resolution of their motion to dismiss, they would have to incur the cost of drafting and filing a third answer and a

3

third motion to dismiss—including the costs of appropriately investigating the allegations relating to VIT and the procedural and substantive defenses available to VIT.  Defendants raised Plaintiff's failure to name VIT as an alternative ground for dismissal of the TSA claims.  (*See* Def.'s MTD [Docket #55] at 21.)  If the Court were to dismiss the TSA claims solely on the ground that Plaintiff failed to name VIT, Plaintiff could seek leave to replead at that point.  Permitting the requested amendments now would not only require Defendants to prepare and submit a third set of responsive pleadings, but they would have to do so while working to meet the discovery deadline in this case, which entails the review and production of hundreds of thousands of documents and electronically stored information, serving numerous third party subpoenas and reviewing the subsequently produced documents, and scheduling and taking depositions, the majority of which will be of third parties.  The prejudice to Defendants of the delay and expense is compounded by the fact that Plaintiff waited until the very last day permitted under the schedule to seek leave to make these amendments.  There is no basis for Plaintiff having waited so long to seek the requested amendments—and in particular no reason to have waited until Defendants' second motion to dismiss was fully briefed—other than to cause Defendants to incur expense and delay.

Because the proposed amendments will accomplish nothing other than increased costs and additional delay, the Court should deny Plaintiff's motion.

Dated: June 4, 2012
Charlotte, North Carolina

/s/ Robert E. Harrington_____
Robert E. Harrington
N.C. State Bar No. 26967
**ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Phone: 704-337-8387
Facsimile: 704-373-3987
rharrington@rbh.com

*Attorneys for Defendants*

*Of Counsel*
Lee Ann Stevenson
Matthew F. Dexter
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Phone: 212-446-4917
Facsimile: 212-446-6460
leeann.stevenson@kirkland.com
matthew.dexter@kirkland.com

Philip D. Anker
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Phone: 212-230-8890
Facsimile: 212-230-8888
philip.anker@wilmerhale.com

# CERTIFICATE OF COMPLIANCE

Pursuant to the Case Management Order entered on March 21, 2012 in this action, counsel for Defendants certify that the foregoing opposition memorandum is less than 3,000 words (excluding the case caption, table of contents, and any certificates of counsel) as reported by the word processing software in which it was prepared.

This 4th day of June, 2012.

s/ Robert E. Harrington
Robert E. Harrington

# CERTIFICATE OF SERVICE

I hereby certify on this day I electronically filed the foregoing with the Court using the CM/ECF system which will electronically notify the following counsel of record re same:

> Jonathan D. Sasser
> James M. Weiss
> **ELLIS & WINTERS LLP**
> PO Box 33550
> Raleigh, North Carolina 27636
> jon.sasser@elliswinters.com
> jamie.weiss@elliswinters.com

> Charles B. Hampton
> J. Wiley George
> W. Scott Locher
> **ANDREWS KURTH LLP**
> 600 Travis, Suite 4200
> Houston, Texas 77002
> champton@akllp.com
> wileygeorge@andrewskurth.com
> slocher@akllp.com

This 4th day of June, 2012.

s/ Robert E. Harrington<br>
Robert E. Harrington