IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-597-FDW-DCK

| | |
|---|---|
| THE FAIRPOINT COMMUNICATIONS, INC. ET AL. LITIGATION TRUST, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| VERIZON COMMUNICATIONS, INC., NYNEX CORPORATION, VERIZON NEW ENGLAND, INC., CELLCO PARTNERSHIP d/b/a Verizon Wireless, AND VERIZON WIRELESS OF THE EAST, L.P., | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

3120756v2         **STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure allows for the issuance of protective orders limiting disclosure of discovered information in appropriate circumstances, and good cause having been shown, IT IS STIPULATED AND AGREED THAT:

1. This Stipulation and [Proposed] Protective Order ("Protective Order") governs the treatment of all documents, electronically stored information, testimony, tangible materials, interrogatory answers, responses to requests for admission and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed information (collectively "Discovery Material") produced by any party or non-party ("Producing Party") in the above-captioned matter ("Action").

2. Any Producing Party may designate as "Confidential" any Discovery Material that it believes in good faith must be designated to protect the interests of the client, including, without limitation, because such material contains legally protectable or otherwise personal information, confidential trade secrets, non-public research, development, or commercial information in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. All Discovery Material so designated shall be referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order.

3. Confidential Discovery Material shall be designated as such by the Producing Party in one or more of the following ways: (1) information set forth in an answer to an interrogatory or response to a request for admission may be so designated by including the word "CONFIDENTIAL" in the answer or response; (2) information contained in any document or part thereof may be so designated by marking the word "CONFIDENTIAL" on the document or any copy of it delivered to the opposing party or its counsel or by giving written notice to opposing counsel, describing the

document or part thereof either specifically or by category; or (3) information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition, or by sending written notice within twenty (20) business days of receiving the final version of the transcript of the deposition that specific information or testimony constitutes Confidential Discovery Material. Any such designation shall subject the Confidential Discovery Material to this Protective Order without any further act on the part of the Producing Party.

4. A party to which Confidential Discovery Material is produced (a "Receiving Party") shall treat such Confidential Discovery Material as strictly confidential. Absent agreement of the Producing Party, Confidential Discovery Material shall be used only for the prosecution or defense of this Action (including any appeals) and not in any other litigation, and not for any business or other purpose whatsoever. Confidential Discovery Material may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent Court Orders, or with the prior written consent of the Producing Party with respect to specifically identified Confidential Discovery Material. Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Discovery Material in any way it sees fit for any reason. Any such use or discussion of Confidential Discovery Material shall not be deemed a waiver of the terms of this Protective Order.

5. Confidential Discovery Material may be disclosed or made available without written consent from the Producing Party *only* to the following persons:

(a) The parties to this Action, including employees, officers, and directors of each party, but only for the sole purpose of having such person(s) assist in prosecuting or defending the

Action *provided that* such person(s) execute an undertaking to be bound by this Protective Order in the form attached hereto as Appendix A (the "Undertaking") and a copy of such signed Undertaking is retained by counsel for the party making such disclosures;

      (b)    Counsel of record for the respective parties to this Action, who have executed this agreement, including attorneys, paraprofessionals, employees, and agents of such law firms, including but not limited to any contract attorneys or contract paralegals retained by a party or its counsel;

      (c)    Experts or consultants (including litigation support service providers and the secretarial and support staff of those experts or consultants) retained to assist counsel for the parties, *provided that* any such experts or consultants execute the Undertaking, for themselves and those assisting them, prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such expert(s) or consultant(s);

      (d)    Any witness or potential witness in interviews or in preparation for any deposition, hearing or trial, *provided that* counsel for the party making the disclosure shall (1) advise the witness or potential witness of the contents of this Order; (2) use best efforts to obtain that individual's execution of the Undertaking prior to disclosure; (3) retain a copy of such signed Undertaking; (4) limit the disclosure to only those disclosures necessary for the interview or to prepare the witness for any deposition, hearing or trial; and (5) prevent the witness or potential witness from retaining copies of Confidential Discovery Material;

      (e)    A witness at any deposition taken in this Action, provided that, as to witnesses not otherwise entitled to see the Confidential Information, counsel for the disclosing party (1) has

4

a good faith basis to discuss or reveal the Confidential Discovery Material to the witness during the deposition for the sole purpose of prosecuting or defending the Action; (2) before disclosure makes a good faith effort to have the witness execute the Undertaking, and (3) instructs the witness that he/she may not disseminate a copy of his/her deposition transcript or exhibits to any person other than his/her private counsel;

   (f) The author or recipient of the Confidential Discovery Material or a person who is currently or formerly employed by the Producing Party of the Confidential Discovery Material and who either (1) participated in the preparation of the Confidential Discovery Material or (2) currently has or formerly had a legitimate right of access to the Confidential Discovery Material;

   (g) Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

   (h) The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper; and

   (i) Any person or entity (1) who counsel for the Producing Party agrees, after conferring in good faith, should have access to such materials or who, upon motion with good cause shown, the Court orders may have access; and (2) who agrees to be bound by the terms of this Order by executing the Undertaking.

  6. Counsel of record shall retain throughout this Action the Undertakings executed by persons receiving Confidential Discovery Material pursuant to this Order, and shall then exchange them upon request at the conclusion of the Action (meaning final judgment and exhaustion of all

5

Case 3:11-cv-00597-FDW-DCK   Document 65   Filed 06/06/12   Page 5 of 14

appeals or final settlement of all claims). If any party has good cause to believe that another party has improperly disclosed Confidential Discovery Material, it may move for an order allowing it to inspect the Undertakings before the conclusion of the Action.

7. This Order shall not prohibit a party from disclosing Confidential Discovery Material in response to a subpoena duly served on the party, provided that the subpoenaed party notifies the designating party, in writing, prior to disclosure and within two (2) business days of receipt of the subpoena, to allow the designating party the opportunity to object or respond to the subpoena, and further, provided that the subpoenaed party shall not disclose the Confidential Discovery Material prior to the later of the conclusion of ten (10) days after notice of the subpoena to the designating party, or the time in which the Court rules on any motion objecting to the subpoena filed by the designating party within such ten (10) day period.

8. The inadvertent failure to stamp a document, or a portion thereof, with the "CONFIDENTIAL" designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that the Producing Party notifies the Receiving Party, in writing, immediately after becoming aware that the confidential material was not properly designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be Confidential Discovery Material and shall promptly provide a replacement copy of such material with the appropriate "CONFIDENTIAL" designation thereupon.

9. The inadvertent production of any Discovery Material in this action shall be without prejudice to any claim by a Producing Party that such material is (1) subject to the attorney-client privilege, the work product doctrine, any other applicable privilege for withholding production or

(2) is irrelevant to any claims raised in this action.

    (a)    Upon receipt of inadvertently produced Discovery Material that is identified as privileged, or appears from its contents to be privileged, the Receiving Party shall promptly notify the Producing Party and shall not use such Discovery Material for any purpose until further order of the Court.

    (b)    If a Producing Party informs a Receiving Party in writing that the Producing Party has inadvertently produced privileged Discovery Material, the Receiving Party shall not use such Discovery Material for any purpose until further order of the Court.

    (c)    A Receiving Party in possession of inadvertently produced Discovery Material may file a motion with the Court requesting that the Producing Party produce the Discovery Material on good faith grounds that it is not privileged or otherwise protected from disclosure. If the Receiving Party decides to file such a motion, its counsel may, solely for that purpose, retain a copy of the Discovery Material in question, which shall not be used for any purpose other than presenting the issue of production to the Court. Any copy of such Discovery Material submitted to the Court in connection with the motion shall be filed under seal in accordance with the terms of this Protective Order.

    (d)    The Receiving Party must bring any such motion within twenty (20) days after receiving written notice from the Producing Party that the Discovery Material at issue was inadvertently produced. If the Receiving Party fails to bring such a motion within twenty (20) days of receiving such notice or upon a determination by the Court that the Discovery Material is privileged, protected work product, or otherwise protected from disclosure, each Receiving Party shall promptly return the original and all copies of such Discovery Material to the Producing Party

7

Case 3:11-cv-00597-FDW-DCK   Document 65   Filed 06/06/12   Page 7 of 14

and destroy all records of the contents of the Discovery Material.

10. In the event that any Confidential Discovery Material is used in any Court proceeding in this action or any appeal therefrom, such Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Before any Confidential Discovery Material is filed with the Court, counsel for the filing party shall give the Producing Party at least three business days notice of its intent to file or use Confidential Discovery Material in the filing. The Producing Party has until 5:00pm prevailing Eastern time on the third business day after notice is given to request that the Confidential Discovery Material be filed under seal. If the Producing Party so requests, the filing party shall (1) file a motion to seal in accordance with section 1.h. of the Court's Case Management Plan and Local Civil Rule 6.1 and (2) in order to maintain the confidentiality of the Confidential Discovery Material pending the Court's decision on the motion to seal, take appropriate steps to file the Confidential Discovery Material, and the portions of any memorandum or other papers describing or quoting the Confidential Discovery Material, under seal and to the court for an *in camera* review as authorized by this Protective Order and Local Civil Rules 6.1(B) and (D). If the Producing Party does not request within the notice period that its Confidential Discovery Material be filed under seal, the filing party is under no obligation to file it under seal. The fact that a filing party has filed a motion to seal Confidential Discovery Material shall not prejudice that party's right to seek to unseal Discovery Material in accordance with paragraph 12 below.

11. This Protective Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Protective Order imply that Discovery Material designated as confidential under the terms of this Protective Order is properly discoverable, relevant or admissible in this

Action or in any other litigation.

12. If a party objects to a Producing Party's designation of information as "CONFIDENTIAL," it shall advise the Producing Party in writing of the reasons for the objection, and the Producing Party shall have seven (7) days to review the matter and respond. If the Producing Party decides to retain the "CONFIDENTIAL" designation, the objecting party may invoke this Court's rules and procedures for raising discovery disputes. The information at issue shall be treated as "CONFIDENTIAL" until the Court rules on any such motion. For good cause shown, the objecting party may ask the Court to shorten the time periods allowed by this paragraph.

13. Each document, material, or other thing, or portion thereof designated as "CONFIDENTIAL" shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the parties agree to the contrary or the Court renders a decision that a particular document, material, or other thing, or portion thereof is not subject to this Protective Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

14. Within six (6) months of the conclusion of this Action (meaning final judgment and exhaustion of all appeals or a final settlement of all claims), everyone other than counsel of record to whom Confidential Discovery Material has been disclosed shall return that information to the counsel of record who disclosed it or destroy it themselves. Counsel of record shall then arrange for the return at the expense of the Producing Party of all Confidential Discovery Material and all copies thereof to the party that designated the Discovery Material as "CONFIDENTIAL," or shall, at the option of the Producing Party, arrange for the Confidential Discovery Material and all copies thereof to be destroyed, except that counsel of record shall be permitted to keep a copy of

Confidential Discovery Material to the extent that it is incorporated into any pleadings, motions, testimony or other attorney work product. In that case, counsel of record shall continue to treat the Confidential Discovery Material in accordance with this Protective Order. Upon request, counsel of record shall certify in writing that they have complied with this paragraph.

15. Upon execution by the parties, this Protective Order shall become effective among such parties who have executed this agreement and will be applicable to discovery from non-parties immediately upon such execution, whether or not it has yet been approved by the Court.

16. Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court Order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

17. This Protective Order shall be binding on any future party to this litigation.

18. This Protective Order applies to all Discovery Materials produced or provided by a non-party.

19. This Protective Order shall continue in force after the completion of this Action.

20. In entering into this Protective Order, the parties preserve all rights and objections they may have to the use in this lawsuit of Confidential Discovery Material including, but not limited to, the rights of any party to object to the admissibility of any materials into evidence at the trial of this action.

21. This stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

Signed: June 6, 2012

David C. Keesler
United States Magistrate Judge

STIPULATED AND AGREED TO BY COUNSEL:

| | |
|---|---|
| s/ Jonathan D. Sasser<br>Jonathan D. Sasser<br>N.C. Bar No. 10028<br>**ELLIS & WINTERS LLP**<br>PO Box 33550<br>Raleigh, North Carolina 27636<br>Phone: (919) 865-7000<br>Facsimile: (919) 865-7010<br>jon.sasser@elliswinters.com | s/ Robert E. Harrington<br>Robert E. Harrington<br>N.C. Bar No. 26967<br>**ROBINSON, BRADSHAW & HINSON, P.A.**<br>101 North Tryon Street, Suite 1900<br>Charlotte, North Carolina 28246<br>Phone: (704) 377-2536<br>Facsimile: (704) 378-4000<br>rharrington@rbh.com |
| *Of Counsel:*<br>Robin Russell<br>**ANDREWS KURTH LLP**<br>600 Travis, Suite 4200<br>Houston, Texas 77002<br>Phone: (713) 220-4200<br>Facsimile: (713) 238-7192<br>rrussell@andrewskurth.com | *Of Counsel:*<br>Lee Ann Stevenson<br>*(Admitted Pro Hac Vice)*<br>Matthew F. Dexter<br>*(Admitted Pro Hac Vice)*<br>**KIRKLAND & ELLIS LLP**<br>601 Lexington Avenue<br>New York, NY 10022<br>Phone: (212) 446-4917<br>Facsimile: (212) 446-6460<br>leeann.stevenson@kirkland.com<br>matthew.dexter@kirkland.com |
| Paul N. Silverstein<br>**ANDREWS KURTH LLP**<br>450 Lexington Avenue<br>New York, New York 10017<br>Phone: (212) 850-2800<br>Facsimile: (212) 850-2929<br>paulsilverstien@andrewskurth.com<br><br>*Attorneys for Plaintiff* | Philip D. Anker<br>*(Admitted Pro Hac Vice)*<br>**WILMER CUTLER PICKERING HALE & DORR LLP**<br>399 Park Avenue<br>New York, NY 10022<br>Phone: (212) 230-8890<br>Facsimile: (212) 230-8888<br>philip.anker@wilmerhale.com<br>*Attorneys for Defendants* |

APPENDIX A

# IN THE UNITED STATES DISTRICT COURT FOR THE
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
Civil Action No.: 3:11-cv-00597-FDW-DCK

| | |
|---|---|
| **THE FAIRPOINT COMMUNICATIONS, INC. *ET AL*. LITIGATION TRUST**<br><br>                    **Plaintiff,**<br><br>  - v. -<br><br>**VERIZON COMMUNICATIONS, INC., NYNEX CORPORATION, VERIZON NEW ENGLAND, INC., CELLCO PARTNERSHIP d/b/a Verizon Wireless, AND VERIZON WIRELESS OF THE EAST, L.P.**<br><br>                    **Defendants.** | |

## UNDERTAKING

The undersigned hereby certifies that he/she has received a copy of the Stipulated Protective Order (the "Protective Order") in the above-captioned case, that he/she has read the Protective Order, agrees to be bound by all of the provisions thereof, and agrees to submit to the jurisdiction of the United States District Court for the Western District of North Carolina for the enforcement thereof. He/she understands that violation of the Protective Order is punishable by contempt of court.

Dated:_____                    Name:_____
                                                        Address:_____

                                                        Signed:_____

2