IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-597-FDW-DCK

| | |
|---|---|
| THE FAIRPOINT COMMUNICATIONS, INC. *ET AL.* LITIGATION TRUST, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ORDER ) |
| VERIZON COMMUNICATIONS, INC., NYNEX CORPORATION, VERIZON NEW ENGLAND, INC., CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, and VERIZON WIRELESS OF THE EAST, L.P., | ) ) ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Leave To File Second Amended Complaint" (Document No. 60). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

The FairPoint Communications, Inc. *et al.* Litigation Trust (the "Trust" or "Plaintiff") filed its original "Complaint" (Document No. 1-1) in this action in the Superior Court of Mecklenburg County, North Carolina, on October 25, 2011. The Complaint asserts three causes of action: (1) Constructive Fraudulent Transfer Against Verizon, NYNEX, and Verizon New England; (2) Actual Fraudulent Transfer Against Verizon, NYNEX and Verizon New England; and (3) Constructive Fraudulent Transfer Against Cellco Partnership d/b/a Verizon Wireless and Verizon Wireless of the East LP. (Document No. 1-1, pp.43-46). Defendants filed a "Notice Of Removal" (Document No. 1) with this Court on November 23, 2011.

Following a motions hearing, the Honorable Frank D. Whitney denied "Plaintiff's Motion For Remand And/Or Abstention" (Document. No. 20), "Defendants' Motion To Transfer Venue..." (Document No. 23), and "Plaintiff's Motion To Stay Decision On Defendants' Motion To Transfer Venue" (Document No. 27). (Document No. 41). Defendants filed motions to dismiss and an answer on February 29, 2012. (Document Nos. 42, 44, and 46).

On March 19, 2012, "Plaintiff's First Amended Complaint" (Document No. 48) was filed, along with responses (Document Nos. 49-50) to the motions to dismiss. Defendants' motions to dismiss were then denied as moot on March 20, 2012. The Court issued its "Case Management Order" (Document No. 52) which, *inter alia*, set May 28, 2012 as the deadline to seek leave "to join additional parties or otherwise to amend the pleadings."

"Defendants' Joint Motion To Dismiss The Amended Complaint" (Document No. 54) was filed on April 13, 2012. "Plaintiff's Response..." (Document No. 57) was filed April 30, 2012, and Defendant's "Reply Memorandum..." (Document No. 58) was filed May 10, 2012. By Text-Only Order on May 17, 2012, the Court denied the parties' "Joint Motion For Oral Argument On Defendants' Motion To Dismiss..." (Document No. 59). "Defendants' Joint Motion To Dismiss..." is currently pending before the Court.

Also pending, and referred to the undersigned, is "Plaintiff's Motion For Leave To File Second Amended Complaint" (Document No. 60) filed on May 29, 2012.[1] This motion is now fully briefed and ripe for review.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party

---

[1] The Court observed the Memorial Day holiday on May 28, 2012, and will therefore accept the motion filed on May 29, 2012, as timely filed.

2

Case 3:11-cv-00597-FDW-DCK   Document 67   Filed 06/28/12   Page 2 of 7

to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008), citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); and see, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

Plaintiff states two primary reasons for its motion to amend:

(1) To withdraw the Count III claims against Cellco Partnership d/b/a Verizon Wireless and Verizon Wireless of the East LP, consistent with Plaintiff's Response to Defendants' Joint Motion to Dismiss Amended Complaint.

(2) To add Verizon Information Technologies L.L.C. ("VIT") as a party against which Plaintiff seeks to avoid and recover for the alleged fraudulent transfer claims relating to the Transition Services Agreement.

(Document No. 60, p.1). Plaintiff contends that adding Defendants' affiliate VIT, "cures an alleged pleading deficiency that Defendants asserted in their Joint Motion to Dismiss Amended Complaint."

3

(Document No. 60, p.2; Document No. 61).  Plaintiff asserts that its proposed amendment will not unduly delay discovery, which has just begun, and will not require altering the "Case Management Order."  Id.  Plaintiff further asserts that its motion is made in good faith.  Id.

In response, "Defendants' Opposition To Plaintiff's Motion For Leave To Amend" (Document No. 62) was filed on June 4, 2012.  Defendants principally contend that the "proposed amendments are needless and ultimately futile." (Document No. 62, p.1).  Specifically, Defendants stated that the addition of VIT as a party would not cure the defects they previously raised, and that there are simpler and more efficient ways to eliminate Claim III than through the proposed amendment.  Id.

Although Defendants acknowledge that Plaintiff moved to amend within the time allowed by the "Case Management Order," they express frustration at the likelihood of filing a third motion to dismiss and a third answer. (Document No. 62, pp.1-3).  Defendants note that if leave to amend is granted it would "moot Defendants' pending motion to dismiss and require the parties to engage in a third round of briefing."  (Document No. 62, p.3).  Defendants conclude that "the proposed amendments will accomplish nothing other than increased costs and additional delay."  (Document No. 62, p.4).

"Plaintiff's Reply..." (Document No. 66) attempts to refute Defendants' argument regarding additional costs and delays by noting again that the motion to amend was timely filed pursuant to "a deadline upon which the parties agreed and jointly proposed to the Court." (Document No. 66, p.2) (citing Document No. 47, p.3).

Plaintiff further argues that the proposed amendments are not futile.  Id.  Specifically, Plaintiff quotes part of Defendants' own argument for dismissal as follows: "the Amended Complaint does not name VIT, the Verizon entity that actually received the TSA payments (and thus

4

Case 3:11-cv-00597-FDW-DCK   Document 67   Filed 06/28/12   Page 4 of 7

the alleged fraudulent transfers), a failure that is likewise fatal to its claim." Id. (quoting Document No. 55, p.6). As such, Plaintiff contends its proposed amendment will correct a fatal defect in the First Amended Complaint identified by Defendants. Id. Finally, Plaintiff contends that as the master of its own complaint it is entirely appropriate to accomplish dismissal of Count III by filing a Second Amended Complaint. (Document No. 66, pp.2-3).

The undersigned finds Plaintiff's position persuasive, and believes judicial economy and efficient case management will be assisted by the filing of a Second Amended Complaint. The undersigned is not convinced that the benefits of a Second Amended Complaint are outweighed by Defendants' legitimate concerns about additional costs and/or delays. As such, the Court will within its discretion allow the pending motion to amend.

Therefore, because the undersigned will allow Plaintiff to file a Second Amended Complaint, which supersedes the previous Complaint, the undersigned will respectfully recommend that Defendant's "Motions To Dismiss" (Document No. 54) be denied as moot. This recommendation is without prejudice to Defendant filing a renewed motion to dismiss the Second Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. <u>Young v. City of Mount Ranier</u>, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule .... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); <u>see also</u>, <u>Colin v. Marconi Commerce Systems Employees' Retirement Plan</u>, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); <u>Turner v. Kight</u>, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice</u>

5

and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc., 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Leave To File A Second Amended Complaint" (Document No. 60) is **GRANTED**. Plaintiff shall file its Second Amended Complaint on or before **June 29, 2012**.[2]

**IT IS FURTHER RECOMMENDED** that Defendant's "Motions To Dismiss" (Document No. 54) be **DENIED AS MOOT**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page

---

[2] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

6

v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Frank D. Whitney.

**SO ORDERED AND RECOMMENDED**.

Signed: June 27, 2012

David C. Keesler
United States Magistrate Judge