IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:11-cv-00597-FDW-DCK

| | |
|---|---|
| THE FAIRPOINT COMMUNICATIONS, INC. *ET AL.* LITIGATION TRUST,<br><br>    Plaintiff,<br><br>- v. -<br><br>VERIZON COMMUNICATIONS, INC., NYNEX CORPORATION, VERIZON NEW ENGLAND, INC., AND VERIZON INFORMATION TECHNOLOGIES, L.L.C.,<br><br>    Defendants. | |

### DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 54(b), defendants Verizon Communications Inc., NYNEX LLC, Verizon New England Inc., and Verizon Information Technologies LLC (collectively, "Verizon") respectfully submit this Motion for Reconsideration of the Order Denying Motion to Strike Plaintiff's Jury Demand ("Motion to Strike").

Verizon recognizes that reconsideration is a remedy that is granted sparingly, but submits that it is appropriate here. Verizon does not seek reconsideration in order to reargue issues it has already briefed, but to address points that were raised for the first time by the Court at oral argument or in its ruling and that Verizon respectfully submits are erroneous.

The Court denied Verizon's Motion to Strike by order of October 23, 2012, "[f]or the reasons stated in open court following a hearing on October 22, 2012." The Court's principal basis for its ruling was *In re Basile*, 472 B.R. 147 (Bankr. D. Mass. 2012), which was raised for the first time in the Court's decision, and which Verizon thus lacked the opportunity to address. As discussed below, *Basile* provides no basis for denying Verizon's Motion to Strike, and in fact supports Verizon's position, by recognizing that a fraudulent-transfer suit against a creditor with a claim in the bankruptcy case carries no right to a jury trial. The Court's alternative holding—that, even in the absence of a jury-trial right, it may empanel a non-advisory jury without Verizon's consent—also warrants reconsideration. As noted at argument, the parties have not had an opportunity to brief that question, and the Court's holding squarely conflicts with the text of the Federal Rules of Civil Procedure and leading authorities interpreting the rule. Finally, whether the Trust is entitled to a jury trial is of enormous importance to this case, and the Court's mistaken resolution of that threshold question will cast a cloud of legal uncertainty over any trial. Verizon therefore respectfully urges the Court to reconsider its order.

## ARGUMENT

Under Federal Rule of Civil Procedure 54(b), the Court may reconsider all non-final orders. It is well established that courts should grant motions to reconsider where, among other things, "the prior decision was based on clear error or would work manifest injustice." *Akeva LLC v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 566 (M.D.N.C. 2005) (citing cases); *see also Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) ("[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment."). As the Fourth Circuit has emphasized, "[t]he

ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Murphy Farms*, 326 F.3d at 515. "A motion to reconsider is" accordingly "appropriate when the court has obviously misapprehended a party's position or … applicable law." *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003) (Eliason, Mag. J.) (internal quotation marks omitted), *aff'd* 2012 U.S. Dist. LEXIS 59565 (M.D.N.C. Apr. 30, 2012).

That standard is plainly met here. The Court did not have the benefit of briefing and argument on either of the two grounds on which it relied in denying Verizon's Motion to Strike. And each ground is "clearly erroneous" or reflects a "misapprehen[sion]" of Verizon's position or applicable law.

1. In denying the Motion to Strike, the Court first cited as "very instructive" the bankruptcy court's decision in *In re Basile*, 472 B.R. 147 (Bankr. D. Mass. 2012). Based on *Basile*, the Court reasoned that, because the Trust asks for monetary relief, it "seeks legal remedies as opposed to equitable remedies" and thus a jury right attaches.

The Court's reliance on *Basile* was misplaced. *Basile* did hold that a fraudulent-transfer action seeking monetary relief is a legal action under *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989). But as the parties noted in the briefs and at argument, that proposition is undisputed: Verizon has never contested that a fraudulent-transfer action is "ordinarily" legal in nature, which is the upshot of *Basile* and *Granfinanciera*.[1] The Supreme Court has held, however, that the ordinary characterization of a fraudulent-transfer action as legal is inapplicable when the

---

[1] *See* Memorandum of Law in Support of Defendants' Motion to Strike Plaintiff's Jury Demand at 7 (noting that *Granfinanciera* held that "a fraudulent-transfer defendant who had *not* filed a claim against the bankruptcy estate had the right to a jury trial" but that the decision distinguished "cases in which the defendant had filed such a claim") ("Verizon Memo.") [Dkt. No. 87]; Reply in Support of Defendants' Motion to Strike Plaintiff's Jury Demand at 3 (similar) ("Verizon Reply") [Dkt. No. 91].

3

action is brought against a creditor, like Verizon, who has filed a proof of claim in bankruptcy. *See Katchen v. Landy*, 382 U.S. 323, 330, 331 n.5, 336 (1966); *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (per curiam). Indeed, *Basile* itself recognized this point, expressly distinguishing the case before it—in which the defendant had *not* filed a proof of claim—from cases like this one in which the defendant did file a claim against the bankruptcy estate:

> The defendants have not filed proofs of claim in the main bankruptcy case nor have they asserted any counterclaims against the trustee. *Langenkamp v. Culp*, 498 U.S. 42, 45, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (by filing a proof of claim, creditor submitted to the bankruptcy court's equitable jurisdiction).

472 B.R. at 152 n.2 (other citations omitted).

That distinction between the fraudulent-transfer suit in *Basile* and the one here is not mere formalism, but strikes at the heart of the Trust's jury demand. Under *Katchen* and *Langenkamp*, a fraudulent-transfer action (even when it seeks monetary relief) against a creditor with claims against the bankruptcy estate is inextricably tied to the creditor claims-allowance process, and is thus an equitable action, not a legal one. That is because, by operation of Section 502(d) of the Bankruptcy Code, fraudulent-transfer suits against creditors of the estate must be resolved before such creditors' claims may be finally allowed or disallowed. *See* Verizon Memo. at 3-4, 5-6; Verizon Reply at 4. Indeed, *Granfinanciera*—upon which the court heavily relied in *Basile*—makes clear that whether a particular fraudulent-transfer suit carries a right to a jury "depends upon whether the creditor has submitted a claim against the estate." 492 U.S. at 58. *Basile* expressly recognized that principle as well, citing *Langenkamp* for the proposition that "by filing a proof of claim, [a] creditor submit[s] to the bankruptcy court's equitable jurisdiction." 472 B.R. at 152 n.2.

4

In short, *Basile* (and *Granfinanciera*, on which it relies), far from undermining Verizon's position, affirmatively supports it. The Court's decision to deny the Motion based on *Basile* was thus clear error.

2. The Court also relied on the alternative ground that it "believes it has discretion on this issue …, and the Court in its discretion believes a jury trial is appropriate." Verizon respectfully submits that this conclusion, as well, is plainly erroneous: the Federal Rules of Civil Procedure do not afford the Court discretion to empanel a jury in an equitable proceeding, such as this, absent the consent of all parties.

Federal Rule of Civil Procedure 39 imposes clear-cut rules with respect to empanelling juries. Under Rule 39(a), where, as here, a jury demand has been made, the trial shall proceed by jury unless "the court … finds that on some or all of [the] issues there is no federal right to a jury trial." For the reasons set forth above, the Trust has no "federal right to a jury trial."

Rule 39(c) specifies that in such cases—that is, "action[s] not triable of right by a jury"— a district court may empanel an "advisory jury" or, "***with the parties' consent***," a "jury whose verdict has the same effect as if a jury trial had been a matter of right." (emphasis added). Rule 39(c) accordingly provides a court with two options when a jury right does not attach as a matter of law: it may either empanel an advisory jury or, with the parties' consent, a non-advisory jury. There is no discretion under the rule to empanel a non-advisory jury unless the parties have consented to that result, as multiple courts of appeals, including the Fourth Circuit, have

recognized. *See, e.g.*, *Troy v. City of Hampton*, 756 F.2d 1000, 1003 (4th Cir. 1985) (en banc).[2] Verizon has not consented to such a procedure.

Rule 39(b) does not afford the Court discretion to disregard those limitations. That provision authorizes a court to excuse a failure to make a timely jury demand under Rule 38. *See, e.g.*, *Raymond v. IBM Corp.*, 148 F.3d 63, 65 (2d Cir. 1998) (per curiam) (Rule 39(b) "directly concerns the failure to timely serve a jury demand"). It does not give a court the authority to empanel a non-advisory jury when no such right attaches under federal law and without the consent of the parties. Indeed, the leading treatise on federal practice confirms what is plain from the text: Rule 39(b) supplies no discretion to empanel juries when there is no underlying right to a jury trial. *See* Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2334, at 303 (3d ed. 2012) ("The rule is explicit: Rule 39(b) only can be invoked if 'a jury might have been demanded.' If there was no right to a jury trial on a particular issue as an original matter, the court may resort to Rule 39(c) to order an advisory jury or, with the consent of all parties, a regular trial by jury, but it may not do so on the motion of only one party under Rule 39(b).")

---

[2] *See also, e.g.*, *Whitson v. Knox County Bd. of Educ.*, 468 Fed. App'x 532, 538 (6th Cir. 2012) ("Because this action was not 'triable of right by a jury' the court needed Plaintiff's consent to send the case to a jury; clearly the court lacked that consent. The court should have, at a minimum, granted Plaintiff's motion to limit the jury to an advisory role."); *Broadnax v. City of New Haven*, 415 F.3d 265, 272 n.2 (2d Cir. 2005) ("Rule 39(c) distinguishes between an advisory jury determination, for which the parties' consent is unnecessary, and a non-advisory jury determination, for which the parties' consent is required."); *Kramer v. Banc of America Securities, LLC*, 355 F.3d 961, 967 (7th Cir. 2004) ("[Plaintiff] had no *right* to a jury trial. . . . [Plaintiff] was entitled to have her claim of retaliation (for which she was entitled only to equitable remedies) heard by a jury only if [Defendant] consented and the district court agreed."); *Wilson v. City of Aliceville*, 779 F.2d 631, 635 (11th Cir. 1986) ("When a trial court sits with the aid of a jury in a [case raising equitable claims], the jury is advisory only, unless both parties consent to make the jury's verdict binding.").

(internal citations omitted). In such cases, a court's discretion is strictly limited to the options available under Rule 39(c), as the multiple courts cited above have held.

3. Although reconsideration should be granted sparingly, the case for reconsideration is especially strong here for three reasons. First, as explained above, the two grounds on which the Court denied Verizon's motion were clearly erroneous. Reconsideration is thus vital "to reach the correct judgment under law." *Murphy Farms*, 326 F.3d at 515.

Second, Verizon does not seek reconsideration to re-litigate points it has already made. Here, Verizon had no opportunity to address the grounds upon which the Court relied because the two bases for the Court's decision were first raised at the hearing. Indeed, the *Basile* case was brought to Verizon's attention for the first time during the Court's ruling, meaning Verizon had no chance to explain why that decision is of no help to the Trust. In such circumstances, basic principles of fairness counsel that reconsideration should be available to correct clear legal error and to vindicate the principle that judicial decisions should be the product of a full and thorough vetting of arguments in an adversarial process.

Third, whether a jury or the Court sitting in equity will adjudicate this approximately $2 billion action is a question of exceptional importance that will control the future course of proceedings in this case. It should be resolved correctly now. An entire jury trial could be conducted, only to see the jury's judgment vacated and the case remanded to be tried again if the Court of Appeals determines that no right to a jury existed. *See, e.g.*, *Troy*, 756 F.2d at 1003 (holding that empanelling a jury where no jury right attaches under the statute at issue was

7

reversible error and remanding for a bench trial).[3] That outcome would benefit no one, would unnecessarily drag out this litigation, and would impose undue burdens on the parties and on the Court.

---

[3] If appropriate, Verizon may ask the Court to certify the jury-trial question for interlocutory appeal under 28 U.S.C. § 1292(b) following its resolution of this motion. Because of the importance and threshold nature of the jury-trial issue, district courts in the Fourth Circuit have granted § 1292(b) certifications on the issue, and the Fourth Circuit, along with other courts of appeals, has granted petitions for permission to appeal based on such certifications. *See Terry v. Chauffeurs, Teamsters & Helpers*, 863 F.2d 334, 335 (4th Cir. 1988) ("This is an interlocutory appeal … from the district court's order refusing to strike the jury trial demand of the plaintiffs … . The district court certified its ruling under 28 U.S.C. § 1292(b), and we granted the Union's petition for an interlocutory appeal to consider this single issue"), *aff'g* 676 F. Supp. 659, 665 (M.D.N.C. 1987) ("Defendant's motion concerns a controlling question of law about which there is ground for difference of opinion; therefore because the issue is critical to the continuation of the pending litigation the court certifies this order for interlocutory appeal under 28 U.S.C. § 1292(b)."); *see also Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1157-58 (10th Cir. 1998); *Postema v. Nat'l League of Professional Baseball Clubs*, 998 F.2d 60, 61 (2d Cir. 1993) (per curiam).

## CONCLUSION

Verizon's Motion for Reconsideration of the Order Denying Motion to Strike Plaintiff's Jury Demand should be granted.

Dated: October 26, 2012
Charlotte, North Carolina

            s/ Robert E. Harrington
            Robert E. Harrington
            N.C. Bar No. 26967
            **ROBINSON, BRADSHAW & HINSON, P.A.**
            101 North Tryon Street, Suite 1900
            Charlotte, NC 28246
            Phone: 704-377-8387
            Facsimile: 704-373-3987
            rharrington@rbh.com

            *Attorneys for Defendants*

*ADMITTED PRO HAC VICE: (OF COUNSEL)*

Lee Ann Stevenson
Matthew F. Dexter
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Phone: 212-446-4917
Facsimile: 212-446-6460
leeann.stevenson@kirkland.com
matthew.dexter@kirkland.com

Craig Goldblatt
Danielle Spinelli
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Phone: 202-663-6000
Facsimile: 202-663-6363
craig.goldblatt@wilmerhale.com
danielle.spinelli@wilmerhale.com

9

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), counsel for Defendants hereby certifies that he has conferred in good faith with counsel for Plaintiff in an effort to resolve this dispute without court action, but that the parties have not been successful in resolving the dispute.

This 26th day of October, 2012.

s/ Robert E. Harrington<br>Robert E. Harrington

## CERTIFICATE OF COMPLIANCE

This document is not addressed by Paragraph 3.c.i-ii of the Case Management Order entered on March 21, 2012 in this action, but complies with the page limit, font size, and other requirements contained in Local Rule 7.1(D).

This 26th day of October, 2012.

s/ Robert E. Harrington<br>Robert E. Harrington

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed today using the Court's CM/ECF system which will electronically notify the following counsel of record:

>Jonathan D. Sasser
>James M. Weiss
>**ELLIS & WINTERS LLP**
>PO Box 33550
>Raleigh, North Carolina 27636
>jon.sasser@elliswinters.com
>jamie.weiss@elliswinters.com
>
>J. Wiley George
>Robin Russell
>Charles B. Hampton
>Scott Locher
>**ANDREWS KURTH LLP**
>600 Travis, Suite 4200
>Houston, Texas 77002
>wileygeorge@andrewskurth.com
>rrussell@andrewskurth.com
>champton@akllp.com
>slocher@akllp.com
>
>Paul N. Silverstein
>**ANDREWS KURTH LLP**
>450 Lexington Avenue
>New York, New York 10017
>paulsilverstien@andrewskurth.com

This 26th day of October, 2012.

>s/ Robert E. Harrington
>Robert E. Harrington