IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:11-cv-00597-FDW-DCK

| | |
|---|---|
| THE FAIRPOINT COMMUNICATIONS, INC. ET AL. LITIGATION TRUST,<br><br>                              Plaintiff,<br><br>    - v. -<br><br>VERIZON COMMUNICATIONS, INC., NYNEX CORPORATION, VERIZON NEW ENGLAND, INC., and VERIZON INFORMATION TECHNOLOGIES L.L.C.,<br><br>                              Defendants. | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

Defendants Verizon Communications Inc., NYNEX LLC, Verizon New England Inc., and Verizon Information Technologies LLC (collectively, "Verizon") respectfully submit this Reply in Support of Their Motion for Reconsideration of the Order Denying Motion to Strike Plaintiff's Jury Demand.

In its Motion for Reconsideration, Verizon demonstrated that each of the two bases for the order denying its Motion to Strike Plaintiff's Jury Demand—neither of which was raised by plaintiff—contravenes settled law. First, *In re Basile*, 472 B.R. 147 (Bankr. D. Mass. 2012)— which was not raised until the Court's ruling and to which Verizon had no opportunity to respond—in no way supports the Trust's right to a jury. To the contrary, *Basile* expressly acknowledges the U.S. Supreme Court precedent holding that no such right exists where, as here,

the defendant has filed a proof of claim.  Second, Federal Rule of Civil Procedure 39 is clear, and the Fourth Circuit has held, that a district court has no discretion to empanel a non-advisory jury where there is no Seventh Amendment entitlement to a jury.  Reconsideration is thus necessary to fulfill the "ultimate responsibility of the federal courts … to reach the correct judgment under law."  *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003).

In its opposition, the Trust makes no serious effort to defend either rationale.  Indeed, the Trust effectively concedes that *Basile* does not support its right to a jury.  And the Trust simply ignores the authority demonstrating that a court lacks the discretion to empanel a non-advisory jury where, as here, there is no underlying federal right to a jury.  Instead, the Trust makes an untimely attempt to introduce new evidence that, in any event, is irrelevant to the merits of the jury issue.  Verizon's Motion for Reconsideration should be granted.

## ARGUMENT

### I.  *BASILE* DOES NOT SUPPORT THE TRUST'S RIGHT TO A JURY

It is settled law, embodied in two Supreme Court rulings, that where—as here—the defendant in a fraudulent-transfer action has filed a proof of claim in bankruptcy, there is no right to a jury trial.  *See Katchen v. Landy*, 382 U.S. 323 (1966); *Langenkamp v. Culp*, 498 U.S. 42 (1990) (per curiam).  *Basile*—the case on which the Court relied in denying the Motion to Strike—expressly acknowledges that point.  The defendants in *Basile* had "*not* filed proofs of claim in the main bankruptcy case."  472 B.R. at 152 n.2 (emphasis added).  By contrast, Verizon *has* filed proofs of claim in bankruptcy.  That distinction is crucial, as *Basile* recognized.  *See id.* (citing *Langenkamp*); *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58 (1989).

If no proof of claim has been filed, a fraudulent-transfer action carries a jury right; if the defendant has filed a proof of claim, there is no jury right.

The Trust does not—as it cannot—dispute that established legal principle. Nor does it dispute that *Basile* does not support its position. Rather, it retreats from the decision, suggesting (at 2) the Court did not rely "*solely* … on *Basile*" because the Court also "referenced" *Granfinanciera*. But *Granfinanciera* makes precisely the same point: "[U]nder the Seventh Amendment, a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate." 492 U.S. at 58. That is so because Section 502(d) of the Bankruptcy Code requires disallowance of claims by recipients of fraudulent transfers, and thus requires that any fraudulent-transfer action against a creditor be decided before that creditor's claim can be finally resolved. Accordingly, fraudulent-transfer actions against creditors are part of the equitable process of claims-allowance in bankruptcy, and are themselves equitable proceedings that carry no right to a jury trial. *See id.*; *Katchen*, 382 U.S. at 327-328; *Langenkamp*, 498 U.S. at 44.

Effectively conceding that legal proposition, the Trust argues (at 4) that this case is "no longer" "tied to a claims allowance process." To that end, the Trust submits a new affidavit—dated the same date as the Trust's response to the Motion for Reconsideration and 22 days after the Court's ruling on the Motion to Strike—purportedly showing that FairPoint has "waived" its clawback rights under the March 16, 2012 Stipulation that provisionally resolved Verizon's bankruptcy claims. This last-ditch effort to sever the link between this case and the claims-allowance process fails. As an initial matter, the affidavit is conspicuously silent regarding when or how this "waiver" occurred. That is fatal, as new evidence that could have been introduced

3

before the ruling on a motion may not be introduced at the reconsideration stage. *See McCoy v. Robinson*, Civil Action No. 3:08cv555, 2011 WL 5975277, at *9 (E.D. Va. Nov. 28, 2011); *see also Tully v. Tolley*, 63 F. App'x 108, 113 (4th Cir. 2003).

In any event, the Trust's eleventh-hour affidavit does not alter the legal analysis. The contractual clawback right in the stipulation merely implemented Section 502(d), which provides that the bankruptcy court "*shall* disallow any claim of any entity from which property is recoverable" in a fraudulent-transfer action. 11 U.S.C. § 502(d) (emphasis added); *cf. United States v. Monsanto*, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory" than the phrase "shall forfeit"). That "mandatory language"—which imposes a duty on the bankruptcy court rather than creating a right belonging to the debtor—does not permit waiver. *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, Civil Action No. 3:10-CV-1842-G, 2012 WL 987539, at *5 (N.D. Tex. Mar. 21, 2012) ("*Idearc*") (explaining that the text of Section 502(d) "suggests that [the debtor] could not lose any rights" under the provision).

The order "closing" the bankruptcy case is likewise irrelevant. Bankruptcy cases are closed for administrative reasons, and not because a final judgment has been entered or because no further relief may be granted. To the contrary, cases may be, and frequently are, "reopened … to accord relief to the debtor [] or for other cause." 11 U.S.C. § 350; *see* Bankruptcy Rule 5010. Nor is there any time limit on reopening. *See* Bankruptcy Rule 9024. Moreover, the court here expressly "retain[ed] jurisdiction over any matter or proceeding pending in the chapter 11 cases." FairPoint Ex. 1, at 4 [Dkt. No. 99]. In light of the mandatory nature of Section 502(d), Verizon's bankruptcy claims cannot be finally allowed or disallowed

4

until the Trust's fraudulent-transfer action against Verizon has been resolved. And this is so regardless of the procedural posture of the bankruptcy case.

In short, the dispositive points are these: Verizon is a creditor of FairPoint that filed claims against the bankruptcy estate. *See* Verizon Proof of Claim (Mar. 18, 2010), Verizon Amendment to Proof of Claim (Apr. 14, 2010), Verizon Second Amendment to Proof of Claim (May 11, 2010) (Exs. A-C, Memorandum of Law in Support of Defendants' Motion to Strike Plaintiff's Jury Demand [Dkt. No. 87]). Fraudulent-transfer actions against creditors who have filed proofs of claim are equitable, not legal, in nature. *See Katchen*, 382 U.S. at 330, 331 n.5; *Langenkamp*, 498 U.S. at 44-45; *Granfinanciera*, 492 U.S. at 58. Although Verizon and FairPoint conditionally resolved the claims through stipulation, "the resolution of the … fraudulent transfer issue" remains "'integral' to the claims allowance process" because, under Section 502(d), the final allowance or disallowance of Verizon's claims depends on the outcome of this case. *Idearc*, 2012 WL 987539, at *3; 11 U.S.C. § 502(d). And neither FairPoint's supposed waiver nor the administrative closure of the bankruptcy case can alter the mandatory nature of Section 502(d). The Trust's fraudulent-transfer action therefore carries no jury right.

## II. THE COURT DOES NOT HAVE THE DISCRETION TO EMPANEL A NON-ADVISORY JURY

In denying Verizon's Motion to Strike, the Court also stated that it "believes it has discretion" to empanel a non-advisory jury. That is incorrect. As Verizon has shown, the Federal Rules of Civil Procedure do not give the Court the discretion to empanel a non-advisory jury in a case like this, in which there is no constitutional right to a jury, unless the parties have consented. Indeed, the Fourth Circuit has so held. *See Troy v. City of Hampton*, 756 F.2d 1000, 1003 (4th Cir. 1985) (en banc); *see also, e.g.*, 9 Wright & Miller, Fed. Prac. & Proc. Civ. § 2334

(3d ed. 2012) ("Wright & Miller"); *Kramer v. Banc of Am. Secs., LLC*, 355 F.3d 961, 967 (7th Cir. 2004).

The Trust ignores this dispositive authority. The Trust instead asks (at 5-6) the Court to construe its jury demand as a Rule 39(b) motion, but that request is deeply flawed. First, Rule 39(b) motions are available only to remedy "the failure to timely file a jury demand." *Raymond v. Int'l Bus. Mach. Corp.*, 148 F.3d 63, 65 (2d Cir. 1998) (per curiam); *see* Wright & Miller § 2334 ("Federal Rule 39(b) grants the district judge discretion … to relax the time requirement prescribed in the rules for demanding a jury trial"). The rule is inapplicable here because the Trust timely filed a jury demand.

Second, even if the Trust's jury demand could be treated as a Rule 39(b) motion, the Court would be required to deny it. Rule 39(b) affords courts discretion to empanel a jury only when "a jury might have been demanded." In other words, "*[i]f there was no right to a jury trial on a particular issue as an original matter*," a court may not empanel a non-advisory jury "on the motion of only one party under Rule 39(b)." Wright & Miller § 2334 (emphasis added); *see Troy*, 756 F.2d at 1003 (empanelling a jury where there is no constitutional or statutory right to a jury is "reversible error"). Because the Trust has no "right to a jury trial … as an original matter," Rule 39(b) simply does not apply. The Trust cites no authority to the contrary. Nor does the Trust contest the basic principle that, where there is no underlying right to a jury, a court's discretion is confined to the two options under Rule 39(c): empaneling an advisory jury

6

or, with the consent of all parties, a non-advisory jury.[1]  Because Verizon has not consented to a non-advisory jury, empaneling such a jury would be clear legal error.

## CONCLUSION

Verizon's Motion for Reconsideration of the Order Denying Motion to Strike Plaintiff's Jury Demand should be granted.

Dated: November 26, 2012
Charlotte, North Carolina

                                      s/ Robert E. Harrington
                                      Robert E. Harrington
                                      N.C. Bar No. 26967
                                      rharrington@rbh.com

                                      **ROBINSON, BRADSHAW & HINSON, P.A.**
                                      101 North Tryon Street, Suite 1900
                                      Charlotte, NC 28246
                                      Phone: 704-377-8387
                                      Facsimile: 704-373-3987
                                      rharrington@rbh.com

                                      *Counsel for Defendants*

---

[1] The Trust argues (at 7 n.2) that, "[i]f a jury trial occurs and the Fourth Circuit thereafter determines Plaintiff was not entitled to a jury," "the jury could be considered an advisory jury for the Court in rendering final judgment."  But that argument cannot be squared with the Fourth Circuit's holding in *Troy* that empaneling a non-advisory jury was reversible error, notwithstanding the plaintiff's suggestion that the district court could have empaneled an advisory jury.  *See* 756 F.2d at 1003.

7

*ADMITTED PRO HAC VICE: (Of Counsel)*

Lee Ann Stevenson
Matthew F. Dexter
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Phone: 212-446-4917
Facsimile: 212-446-6460
leeann.stevenson@kirkland.com
matthew.dexter@kirkland.com

Craig Goldblatt
Danielle Spinelli
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Phone: 202-663-6000
Facsimile: 202-663-6363
craig.goldblatt@wilmerhale.com
danielle.spinelli@wilmerhale.com

## **CERTIFICATE OF COMPLIANCE**

This document is not addressed by Paragraph 3.c.i-ii of the Case Management Order entered on March 21, 2012 in this action, but complies with the page limit, font size and other requirements contained in Local Rule 7.1(D).

This 26th day of November, 2012.

s/ Robert E. Harrington
Robert E. Harrington

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed today using the Court's CM/ECF system which will electronically notify the following counsel of record:

    Jonathan D. Sasser
    James M. Weiss
    **ELLIS & WINTERS LLP**
    PO Box 33550
    Raleigh, North Carolina 27636
    jon.sasser@elliswinters.com
    jamie.weiss@elliswinters.com

    J. Wiley George
    Robin Russell
    Charles B. Hampton
    Scott Locher
    **ANDREWS KURTH LLP**
    600 Travis, Suite 4200
    Houston, Texas 77002
    wileygeorge@andrewskurth.com
    rrussell@andrewskurth.com
    champton@akllp.com
    slocher@akllp.com

    Paul N. Silverstein
    **ANDREWS KURTH LLP**
    450 Lexington Avenue
    New York, New York 10017
    paulsilverstein@andrewskurth.com

This 26th day of November, 2012.

                                      s/ Robert E. Harrington
                                      Robert E. Harrington