IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:11-cv-00597-MOC-DCK

| | |
|---|---|
| THE FAIRPOINT COMMUNICATIONS, INC. ET AL. LITIGATION TRUST,<br><br>    Plaintiff,<br><br>- v. -<br><br>VERIZON COMMUNICATIONS INC., NYNEX CORPORATION, VERIZON NEW ENGLAND INC., and VERIZON INFORMATION TECHNOLOGIES LLC,<br><br>    Defendants. | **DEFENDANTS' MOTION FOR A CONTINUANCE** |

Defendants Verizon Communications Inc., NYNEX LLC (named in the Second Amended Complaint as NYNEX Corporation), Verizon New England Inc., and Verizon Information Technologies LLC (collectively, "Verizon") respectfully request that the Court grant a continuance of the trial set for the August 19, 2013 civil trial term (D.E. 150). On June 14, 2013, counsel for Verizon conferred by telephone with counsel for the Trust regarding a continuance of the trial date. The Trust does not consent to a continuance. In support of this motion, Verizon states:

1. In this lawsuit, the FairPoint Communications, Inc. Litigation Trust seeks more than a billion dollars in damages allegedly arising from Verizon's sale of certain landline assets to FairPoint more than 18 months before FairPoint filed for bankruptcy.

2. On March 6, 2013, Philip Beck was granted pro hac vice admission to serve as lead trial counsel for Verizon. (D.E. 127) At the time, trial was set to begin May 13, 2013.

3. The parties and their counsel had arranged their schedules and were prepared to commence trial on May 13. Verizon's third-party fact witnesses and expert witnesses also arranged their schedules in preparation for a May trial. During the summary judgment hearing on April 3, however, Judge Frank Whitney informed the parties that he discovered that he had a conflict of interest and must recuse himself from the proceedings.

4. On April 11, the case was reassigned to this Court, which heard argument and issued an order on June 12, 2013 granting in part Verizon's motion for summary judgment (D.E. 150). In that same order, the Court set the case for a bench trial during the August 2013 civil trial term, which begins on August 19, 2013. The Court noted that at least one civil jury trial is in front of this case.

5. The trial is expected to last at least two to three weeks.

6. Verizon respectfully requests a continuance of the August trial setting, owing to several pre-existing conflicts, among both the attorneys and key witnesses.

7. Specifically, Verizon's lead trial counsel, Mr. Beck, has a jury trial previously set to begin on September 9, 2013, in a case involving more than a billion dollars in claimed damages. Trial is anticipated to last four to five weeks. Thus, even if trial were to begin on August 19, it is unlikely to be completed before Mr. Beck's previously-set September 9 trial. Even if the trial could be completed in this window, it would prejudice Mr. Beck's ability to prepare for his September 9 trial.

8. In addition to this conflict, Mr. Beck has closing arguments in a major arbitration the week of August 12, and his son is being married the weekend of August 23 in Chicago.

9. Moreover, key witnesses in the case have previous commitments that conflict with an August trial date. For example, Gene Johnson, the former CEO of FairPoint

Communications and the individual who advocated for the transaction on behalf of FairPoint, is a key third-party witness for Verizon. Mr. Johnson has informed Verizon that he is unavailable to testify the weeks of August 19 and August 26.[1] Mr. Johnson is a key fact witness for Verizon on issues related to Verizon's alleged fraud.

10. The Court has broad discretion in determining whether to grant a party's motion for a continuance. *See Linear Prods., Inc. v. Marotech, Inc.*, 189 F. Supp. 2d 461, 464 (W.D. Va. 2002) (citing *Cromwell Field Assocs. v. May Dept. Stores Co.*, 5 F. App'x 186, 189–190 (4th Cir. 2001)). A reasonable continuance of the trial date is justified here in light of the preexisting scheduling conflicts among Verizon's counsel and witnesses, especially because the original postponement from the May 2013 trial date is not due to any fault or delay by Verizon.

WHEREFORE, Verizon requests that the Court grant the present motion and issue an order continuing the trial date and setting a conference with the parties to arrange a trial date that will accommodate the schedules of all parties.[2]

---

[1] In addition, Craig Elson, Verizon's expert witness on the issue of valuation, may also have a conflict with a trial commencing during the August 19 trial term depending on its duration.

[2] Counsel understands that the Court's next civil trial term commences October 21. Mr. Beck currently has a jury trial set to begin Oct. 21, which is expected to last four to five weeks.

| | |
|---|---|
| Dated: June 18, 2013 | s/ Robert E. Harrington |
| Charlotte, North Carolina | Robert E. Harrington |
| | N.C. Bar No. 26967 |
| | Andrew W. J. Tarr |
| | N.C. Bar No. 31827 |
| | **ROBINSON, BRADSHAW & HINSON, P.A.** |
| | 101 North Tryon Street, Suite 1900 |
| | Charlotte, NC 28246 |
| | Phone: 704-377-8387 |
| | Facsimile: 704-373-3987 |
| | rharrington@rbh.com |
| | atarr@rbh.com |
| | |
| | *Attorneys for Defendants* |

*Of Counsel*

Philip S. Beck
Mark L. Levine
James B. Heaton, III
Brian C. Swanson
Abby M. Mollen
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard, Suite 300
Chicago, IL 60610
Phone: 312-494-4400
Facsimile: 312-494-4440
philip.beck@bartlit-beck.com
mark.levine@bartlit-beck.com
jb.heaton@bartlit-beck.com
brian.swanson@bartlit-beck.com
abby.mollen@bartlit-beck.com

Philip D. Anker
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Phone: 212-230-8890
Facsimile: 212-230-8800
philip.anker@wilmerhale.com

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), counsel for Defendants hereby certifies that he has conferred in good faith with counsel for Plaintiff regarding this dispute. Counsel for Plaintiff stated that Plaintiff does not consent to the relief requested in this motion.

This 18th day of June, 2013.

s/ Robert E. Harrington
Robert E. Harrington

5
Case 3:11-cv-00597-MOC-DCK   Document 151   Filed 06/18/13   Page 5 of 6

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed today using the Court's CM/ECF system which will electronically notify the following counsel of record:

> Jonathan D. Sasser
> James M. Weiss
> **ELLIS & WINTERS LLP**
> PO Box 33550
> Raleigh, North Carolina 27636
> jon.sasser@elliswinters.com
> jamie.weiss@elliswinters.com
>
> J. Wiley George
> Robin Russell
> Charles B. Hampton
> Scott Locher
> **ANDREWS KURTH LLP**
> 600 Travis, Suite 4200
> Houston, Texas 77002
> wileygeorge@andrewskurth.com
> rrussell@andrewskurth.com
> champton@akllp.com
> slocher@akllp.com
>
> Paul N. Silverstein
> **ANDREWS KURTH LLP**
> 450 Lexington Avenue
> New York, New York 10017
> paulsilverstein@andrewskurth.com

This 18th day of June, 2013.

> s/ Robert E. Harrington
> Robert E. Harrington