# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division
### Civil Action No. 3:11-cv-00597-MOC-DCK

THE FAIRPOINT
COMMUNICATIONS, INC. *ET AL.*
LITIGATION TRUST,

      **Plaintiff,**

      vs.

VERIZON COMMUNICATIONS,
INC., NYNEX CORPORATION,
VERIZON NEW ENGLAND, INC.,
CELLCO PARTNERSHIP d/b/a
VERIZON WIRELESS, AND
VERIZON WIRELESS OF THE
EAST LP,
      **Defendants.**

## THE TRUST'S REPLY TO DEFENDANTS' RESPONSE TO THE TRUST'S MOTION TO EXCLUDE DECLARATION OF BRADFORD CORNELL

Plaintiff (the "Trust") is filing this reply to Defendants' Response to Motion to Exclude Declaration of Bradford Cornell (the "Response") (Dkt 167) as follows:

## INTRODUCTION

The Memorandum in Support of the Trust's Motion to Exclude the Declaration of Bradford Cornell (Dkt 162) explains why Defendants' untimely declaration of Dr. Cornell should be excluded from the record. Defendants' Response does not alter that explanation but does merit a brief reply.

**1. Defendants Essentially Admit That They Are Attempting to Evade The Expert Disclosure Requirements Under the Guise of a *Daubert* Motion.**

As the Trust predicted, Defendants all but admit in their Response that they are attempting to evade the timing and substance of the expert disclosure requirements contained in Rule 26 and this Court's scheduling order under the guise of a *Daubert* motion. Defendants implicitly acknowledge that Dr. Cornell is being proffered on the eve of trial and almost eight months after the expiration of the rebuttal expert deadline to fill in perceived gaps in the rebuttal opinions proffered by Defendants' timely designated financial expert, Mr. Elson. [Dkt. 167 p. 2,3]. Defendants further admit that they want the Court to consider an "event study" allegedly prepared by Dr. Cornell to rebut Ms. Taylor's opinions; yet Defendants have never provided the Court or the Trust with a copy of the event study or any other materials purportedly supporting Dr. Cornell's rebuttal opinions. *Id.* at p. 4.

This late and insufficient disclosure of an expert witness is unfair for the very reasons that the Rule 26 disclosure requirement and Rule 37(c) exclusion sanctions exist. As explained in Wright & Miller, "[c]ourts have to be alert to efforts to smuggle expert testimony into the case without complying with [the Rule 26 disclosure requirement]…"[1] and "each party is required to supplement such disclosures…although 'supplementation' on the eve of trial is likely to be held insufficient to avoid the automatic exclusions of Rule 37(c)(1)."[2]  And as the official comments to Rule 37(c)(1) recognize, "[t]his automatic sanction provides a strong inducement for disclosure of material that the disclosing party

---

[1]  Although the quoted reference concerns expert testimony introduced under the guise of a lay witness, the caution is equally applicable here.

[2]  8A Charles Alan Wright Et Al., Federal Practice & Procedure §2031.1 (3d ed. 2013).

would expect to use as evidence, whether at a trial, at a hearing <u>or on a motion</u>, such as one under Rule 56." (emphasis added).

Moreover, the cases Defendants cite in support of their position are distinguishable from the facts here. For example, in *Arble*, the court did refer to a "loophole which Plaintiff has found in Rule 26(a)(2)(A)" but noted that "the only fair thing to do at this point is to reopen discovery…" *Arble v. State Farm Mut. Ins. Co.*, 272 F.R.D. 604, 606 (M.D. Fla. 2011). Here, reopening discovery on the eve of trial would not be fair to the Trust, as it actively prepares for trial, and no party has suggested that the Court should do so. Such unfairness is compounded by the fact that Defendants had numerous opportunities and trial settings during the past year to identify and disclose Dr. Cornell in a timely manner but chose not to. The unfairness is even further compounded by the fact that even at this late date, Defendants have still not disclosed to the Trust or the Court the event study and related documents purportedly supporting Dr. Cornell's rebuttal opinions. Similarly, the court in *Tulsa* did not strike the untimely expert proffered by the plaintiff, but only because the "surrounding circumstances" did not warrant exclusion. *City of Tulsa v. Tyson Foods, Inc.*, No. 01-CV-0900-EA (C), 2003 WL 26095663 (N.D. Okla. February 26, 2003). Among other things, the *Tulsa* court noted that, unlike here, the defendants in *Tulsa* actively sought to prevent obtaining information from the expert by moving to quash the deposition of the expert, which motion was granted, and had been provided extensive information regarding the expert opinions well in advance of trial. *Id.*

Defendants' untimely designation and lack of meaningful disclosure is plainly inconsistent with the purpose and spirit of the Rule 26 disclosure requirements and this Court's agreed scheduling order. *See e.g., In re Chinese Manufactured Drywall Products*

*Liability Litigation*, MDL No. 2047, 2010 WL 8368142 (E.D. La. February 17, 2010) (granting motion to exclude affidavits from two experts attached to *Daubert* motion as an untimely designation of expert witnesses). Defendants' Response does not alter that conclusion.

**2.      The Trust Will Present Direct Evidence of Wrongful Intent by Verizon and Spinco Employees.**

Defendants also state in the Response that because there is purportedly "no direct evidence" of wrongful intent, the Trust will only offer "badges of fraud" evidence as indirect or circumstantial proof of wrongful intent. (Dkt 167 p.2). Defendants' contention that there is no direct evidence of wrongful intent by Verizon and Spinco is wrong.

While evidence of "badges of fraud" will play a role at trial, the Trust also intends to present direct evidence that the dual Verizon/Spinco employees involved in the Transaction acted with an intent to hinder, delay or defraud creditors.[3] Among other things, this direct evidence will include the dual Verizon/Spinco employees: (i) misleading regulators and investors as to status of the development of the Spinco/FairPoint combined entity's back-office systems and its financial viability so that the Transaction could close, (ii) withholding critical IT assistance that was necessary to develop the combined entities' back-office

---

[3]      Similarly, Defendants continue to claim that the intent of Spinco is not relevant. (Dkt. 167, p. 2 n. 1) ("Verizon disputes the Trust's position that…Spinco's intent (as distinguished from Fairpoint's) controls."). Under the plain language of §548(a)(1)(A) of the Bankruptcy Code, however, it is the intent of the debtor that made the transfer of an interest in property that is relevant, and there is no dispute in this case that Spinco borrowed the funds and made $1.7 billion in transfers to Verizon before merging with Fairpoint. There is also no dispute that prior to the merger, all of Spinco's officers and its sole director were also Verizon employees acting on Verizon's and Spinco's behalf, not Fairpoint's behalf. These duel Verizon/Spinco employees include Steven Smith, John Diercksen and Win Bennett, witnesses the Trust expects the Court will hear testimony from at trial.

systems in order to gain valuable IP rights later, and (iii) hiding negative historical results and unfavorable internal forecasts that were important to investors.  As the Court indicated in connection with the summary judgment proceeding, such facts, if established at trial, would support an actual fraudulent transfer claim under §548(a)(1)(A) of the Bankruptcy Code.

## CONCLUSION

For the foregoing reasons, the untimely Declaration by Dr. Cornell should be excluded from the record and not considered by the Court.

This the 28th day of October, 2013.

Respectfully submitted,


/s/ Jonathan D. Sasser
Jonathan D. Sasser
**ELLIS & WINTERS LLP**
N.C. State Bar No. 10028
PO Box 33550
Raleigh, North Carolina 27636
Telephone Number:  (919) 865-7000
Facsimile Number:  (919) 865-7010
jon.sasser@elliswinters.com

J. Wiley George (TX Bar. No. 07805445)
Robin Russell (TX Bar No. 17424001)
Charles B. Hampton (TX Bar No. 00793890)
Scott Locher (TX Bar No. 12457500)
**ANDREWS KURTH LLP**
600 Travis, Suite 4200
Houston, Texas  77002
Telephone Number:  (713) 220-4200
Facsimile Number:  (713) 238-7192
wileygeorge@andrewskurth.com
rrussell@andrewskurth.com
charleshampton@andrewskurth.com
scottlocher@andrewskurth.com

Paul N. Silverstein (NY Bar No. PS 5098)
**ANDREWS KURTH LLP**
450 Lexington Avenue
New York, New York 10017
Telephone Number: (212) 850-2800
Facsimile Number: (212) 850-2929
paulsilverstein@andrewskurth.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically filed today using the Court's CM/ECF system that will electronically notify and serve the following counsel of record:

Robert E. Harrington
Andrew W. J. Tarr
ROBINSON BRADSHAW & HINSON, P.A.
101 North Tyron Street, Suite 1900
Charlotte, North Carolina 28246
rharrington@rbh.com
atarr@rbh.com

Philip S. Beck
James B. Heaton, III
Mark L. Levine
Abby Marie Mollen
Brian C. Swanson
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
Courthouse Place
54 West Hubbard Street, Suite 300
Chicago, Illinois 60654
philip.beck@bartlit-beck.com
tamara.hoogewerf@bartlit-beck.com
jb.heaton@bartlit-beck.com
mark.levine@bartlit-beck.com
abby.mollen@bartlit-beck.com
brian.swanson@bbhps.com

Philip D. Anker
WILMER CUTLER PICKERING HALE & DORR LLP
399 Park Avenue
New York, New York 10022
philip.anker@wilmerhale.com

Craig Goldblatt
Danielle Spinelli
Lauren Hume (awaiting admission)
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
craig.goldblatt@wilmerhale.com
danielle.spinelli@wilmerhale.com

Scott H. Angstreich
Reid M. Figel
Andrew E. Goldsmith
David L. Schwarz
KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL
1615 M Street, N.W.
Washington D.C. 20036
sangstreich@khte.com
rfigel@khhte.com
agoldsmith@khhte.com
dschwarz@khhte.com


      This the 28th day of October, 2013.


            By:   /s/ Jonathan D. Sasser
                  Jonathan D. Sasser